UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:16-CR-0302-B |
| | § | |
| ALFONSO MORENO, JR., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Alfonso Moreno, Jr.'s Motion for Compassionate Release (Doc. 118). For the reasons that follow, the Court **DENIES** the motion **WITHOUT PREJUDICE**.

## I.

## BACKGROUND

Alfonso Moreno, Jr. pleaded guilty to possession with intent to distribute a controlled substance. Doc. 113, J., 1. On August 9, 2018, he was sentenced to eighty months of imprisonment and three years of supervised release. *Id.* at 2.

He is currently forty-six years old, and he is confined at Federal Correctional Institution (FCI) Big Spring, with a release date of May 4, 2024.[1] FCI Big Spring has six confirmed active cases of the COVID-19 virus—zero among its inmates and six among its staff.[2]

---

[1] The Bureau of Prisons (BOP)'s inmate locator is available at https://www.bop.gov/inmateloc/ (last visited July 28, 2020).

[2] The BOP's COVID-19 case website is available at https://wwww.bop.gov/coronavirus/ (last visited July 28, 2020).

Moreno now seeks a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) because, he argues, he suffers from serious underlying medical conditions and, as a result, he is at a higher risk of severe illness if he contracts COVID-19. Doc. 118, Def.'s Mot., 1–2.

As explained below, the Court concludes that Moreno has not exhausted his administrative remedies. Thus, he is not eligible for a sentence reduction at this time. Alternatively, Moreno's release is not warranted by extraordinary and compelling reasons. Therefore, Moreno's motion is **DENIED WITHOUT PREJUDICE**.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(i)). The Court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

Section 3582(c)(1)(A)'s exhaustion requirement is generally "a glaring roadblock foreclosing compassionate release" where the "BOP has not had thirty days to consider [the defendant's] request to move for compassionate release on his behalf" or if "there has been no adverse decision by [the] BOP for [the defendant] to administratively exhaust within that time period." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *see, e.g.*, *United States v. Orellana*, 2020 WL 1853797, at *1 (S.D.

Tex. Apr. 10, 2020). Nonetheless, some "courts have concluded that [the exhaustion] requirement is not absolute and that it can be waived by the government or by the court, therefore justifying an exception in the unique circumstances of the COVID-19 pandemic." *Valentine v. Collier*, 956 F.3d 797, 807 (5th Cir. 2020) (Higginson, J., concurring) (per curiam) (citations omitted).

## III.

## ANALYSIS

The Court finds that Moreno has not established exhaustion of his administrative remedies. And even assuming he had, § 3582(c)(1)(A) does not warrant a sentence reduction or compassionate release based on the merits of Moreno's case.

A.    *Moreno Has Failed to Satisfy Section 3582's Exhaustion Requirement.*

Section 3582(c)(1)(A) requires exhaustion of administrative remedies before a defendant can file a motion seeking a sentence reduction with the Court. *See* § 3582(c)(1)(A) (permitting the filing of a motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden . . . whichever is earlier").

Here, Moreno has not provided proof of his exhaustion of administrative remedies. Indeed, Moreno does not even mention whether he has requested relief from the BOP, nor does he attach any proof of a request to the BOP. *See generally* Doc. 118, Def.'s Mot. The Court notes that Moreno's motion itself appears to be addressed to FCI Big Spring's warden; but even if the Court were to construe the motion itself as proof of a request to the warden, the request is dated July 7, 2020, and there is no indication the warden received this request. *See id.* at 2. Thus, thirty days have not elapsed since the warden received a request from Moreno, and there is no evidence that Moreno has

exhausted the BOP appeal process. *See* § 3582(c)(1)(A).

Due to his failure to exhaust his administrative remedies, the Court **DENIES** Moreno's motion **WITHOUT PREJUDICE** to re-filing after he has exhausted his administrative remedies.[3]

B.      *Irrespective of Exhaustion, Moreno Fails to Demonstrate Extraordinary Circumstances.*

Regardless of Moreno's failure to exhaust his administrative remedies, Moreno has not shown "extraordinary   and   compelling   reasons"   justifying   a   sentence   reduction. *See* § 3582(c)(1)(A). The policy statement applicable to this provision—U.S.S.G. § 1B1.13—"sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt.1). These include the defendant's medical condition, age, and family circumstances. *See* § 1B1.13(1)(A) & cmt. 1.[4]

Since the enactment of the First Step Act, district courts in the Fifth Circuit have held that § 1B1.13 is no longer binding. *See, e.g., United States v. Gonzales*, 2019 WL 5102742, at *2–3 (W.D. Tex. Oct. 10, 2019); *United States v. Lee*, 2020 US Dist. LEXIS 101815, at *10–11 (N.D. Tex. Apr. 23, 2020). These courts "consider[] the terms of  U.S.S.G. § 1B1.13 while exercising [their] discretion to determine whether the defendant presents an extraordinary and compelling reason for

---

[3] The Court recognizes that some district courts have excepted the exhaustion requirement under specific circumstances. *See United States v. Jackson*, 2020 WL 3455131, at *2 (N.D. Tex. June 5, 2020), *adopted by* 2020 WL 3452284 (N.D. Tex. June 24, 2020) (explaining the split between district courts on whether the exhaustion requirement may be waived). But the Court need not consider the propriety of such an exception here, because as explained in the Court's discussion of the merits of Moreno's motion, Moreno has not shown extraordinary and compelling reasons for release.

[4] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with," the three circumstances set forth above, "[a]s determined by the Director of the [BOP.]" § 1B1.13(1)(A) cmt. 1.

compassionate release." *United States v. Heitman*, 2020 WL 3163188, at *3 (N.D. Tex. June 12, 2020) (citing *Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11).

The Court does the same here and concludes that Moreno has not provided "extraordinary and compelling reasons" for release. *See* § 3582(c)(1)(A).

In support of his request for compassionate release, Moreno relies on the COVID-19 pandemic itself as an extraordinary and compelling reason for release. Doc. 118, Def.'s Mot, 1. Although the Court acknowledges that the COVID-19 pandemic is unprecedented, its effect on the nation does not demonstrate extraordinary circumstances specific to Moreno. *See Delgado*, 2020 WL 2542624, at *3 (noting that "the Court must consider every prisoner individually and should be cautious about making blanket pronouncement"). Thus, this argument fails to justify Moreno's requested relief.

Additionally, Moreno asserts that he suffers from diabetes, heart problems, and other health issues that put him at a greater risk of experiencing serious symptoms should he contract COVID-19. Doc. 118, Def.'s Mot., 1–2. However, he has not provided medical records to substantiate his diagnoses or treatment. *See generally* Doc. 118, Def.'s Mot. Absent such records, the Court has no basis for concluding that Moreno has established extraordinary and compelling reasons for release.

Thus, aside from the exhaustion issue, Moreno's motion fails because he has not shown "extraordinary and compelling reasons" for his requested relief. *See* § 3582(c)(1)(A).

## IV.

## CONCLUSION

Moreno's request for compassionate release under § 3582(c)(1)(A) fails, because he has not proven exhaustion of his administrative remedies. Moreover, Moreno's present motion does not

demonstrate extraordinary and compelling reasons for compassionate release. For both of these reasons, the Court **DENIES** Moreno's motion (Doc. 118) **WITHOUT PREJUDICE**.

By denying Moreno's motion without prejudice, the Court permits Moreno to file a subsequent motion for compassionate release in the event he can both: (1) satisfy the exhaustion requirement, and (2) provide information supporting a finding of extraordinary and compelling reasons for release, such as documentation demonstrating his medical conditions.

Finally, the Court notes that before granting compassionate release under § 3582(c)(1)(A), the Court must also consider the factors of § 3553. § 3582(c)(1)(A). Because the Court holds that Moreno has not exhausted his administrative remedies or shown extraordinary reasons warranting release, the Court need not conduct that analysis today.

SO ORDERED.

SIGNED: July 31, 2020.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

-6-