UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:16-CR-0302-B-1 |
| | § | |
| ALFONSO MORENO, JR., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Alfonso Moreno, Jr.'s Motion for Compassionate Release (Doc. 120). For the reasons that follow, the Court **DENIES** the motion **WITHOUT PREJUDICE**.

### I.

### BACKGROUND

Alfonso Moreno, Jr. pleaded guilty to possession with intent to distribute a controlled substance. Doc. 113, J., 1. On August 9, 2018, he was sentenced to eighty months of imprisonment and three years of supervised release. *Id.* at 2–3.

He is currently forty-seven years old, and he is confined at Big Spring Federal Correctional Institution (FCI), with a statutory release date of May 4, 2024.[1] As of February 3, 2021, Big Spring FCI has sixteen confirmed active cases of COVID-19—five among its inmates and eleven among its staff—and 788 recovered cases of COVID-19.[2]

---

[1] The Bureau of Prisons (BOP)'s inmate locator is available at https://www.bop.gov/inmateloc/.

[2] The BOP's COVID-19 case website is available at https://wwww.bop.gov/coronavirus/.

-1-

Moreno now seeks compassionate release because, he argues, he suffers from serious underlying medical conditions and, as a result, he is at a higher risk of severe illness if he contracts COVID-19. Doc. 120, Def.'s Mot., 1–2. Further, Moreno seeks compassionate release on the grounds that Big Spring FCI is unable to control the spread of the virus among inmates. *See id.* at 16–17.

As explained below, the Court concludes that Moreno has not exhausted his administrative remedies. Thus, he is not eligible for a sentence reduction at this time. Alternatively, Moreno's release is not warranted by extraordinary and compelling reasons. Therefore, Moreno's motion is **DENIED WITHOUT PREJUDICE**.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(i)). The Court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

## III.

## ANALYSIS

The Court finds that Moreno has not established exhaustion of his administrative remedies. And even assuming he had, § 3582(c)(1)(A) does not warrant a sentence reduction or

compassionate release based on the merits of Moreno's case.

A.   *Moreno Has Failed to Satisfy Section 3582's Exhaustion Requirement.*

Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." § 3582(c)(1)(A).[3]

Here, Moreno has not provided proof of his exhaustion of administrative remedies. Rather, he states that he has requested compassionate release from the warden, and the warden has not responded. Doc. 120, Def.'s Mot., 10. Consequently, Moreno asks the Court to waive § 3582's exhaustion requirement. *Id.* at 21–22. Moreno argues that "[e]xhaustion with the BOP should yield to the exceptional circumstances of particular urgency that the unprecedented COVID-19 pandemic presents." *Id.* at 22. But § 3582's exhaustion requirement "is mandatory." *United States v. Franco*, 973 F.3d 465, 467 (5th Cir. 2020) (emphasis omitted). Thus, the Court will not waive the exhaustion requirement.

Due to his failure to exhaust his administrative remedies, the Court **DENIES** Moreno's motion **WITHOUT PREJUDICE** to re-filing after he has exhausted his administrative remedies.

B.   *Irrespective of Exhaustion, Moreno Fails to Demonstrate Extraordinary Circumstances.*

Regardless of Moreno's failure to exhaust his administrative remedies, Moreno has not

---

[3] The Court clarified its interpretation of the thirty-day prong of the exhaustion requirement in *United States v. Ezukanma*, 2020 WL 4569067, at *2–5 (N.D. Tex. Aug. 7, 2020). In sum, based on the plain text of § 3582(c)(1)(A), the Court concluded that to comply with the statute's exhaustion requirement, a defendant may show that thirty days have passed since the warden's receipt of his compassionate-release request—irrespective of a denial. *See id.* at *5.

shown "extraordinary and compelling reasons" justifying a sentence reduction. *See* § 3582(c)(1)(A). The policy statement applicable to this provision—U.S.S.G. § 1B1.13—"sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt. n.1). These include the defendant's medical condition, age, and family circumstances. *See* § 1B1.13(1)(A) & cmt. n.1.[4]

Since the enactment of the First Step Act, district courts in the Fifth Circuit have held that § 1B1.13 is not binding. *See, e.g., United States v. Gonzales*, 2019 WL 5102742, at *2–3 (W.D. Tex. Oct. 10, 2019); *United States v. Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11 (N.D. Tex. Apr. 23, 2020); *see also United States v. Rivas*, —F. App'x—, 2020 WL 6437288, at *2 (5th Cir. 2020) (per curiam) (noting that U.S.S.G. § 1B1.13 is "not dispositive" but "guid[ing]"). These courts "consider[] the terms of U.S.S.G. § 1B1.13 while exercising [their] discretion to determine whether the defendant presents an extraordinary and compelling reason for compassionate release." *United States v. Heitman*, 2020 WL 3163188, at *3 (N.D. Tex. June 12, 2020) (citing *Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11).

The Court does the same here and concludes that Moreno has not provided "extraordinary and compelling reasons" for release. *See* § 3582(c)(1)(A).

In support of his request for compassionate release, Moreno states that he has "a serious heart disease, a lung disease, as well as a weak immune system"; "[h]yperlipidemial" and "[h]ypertension";

---

[4] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with," the three circumstances set forth above, "[a]s determined by the Director of the [BOP.]" § 1B1.13(1)(A) cmt. n.1.

and chronic obstructive pulmonary disorder (COPD). Doc. 120, Def.'s Mot, 1, 11. Moreno further posits that Big Spring FCI is not taking proper precautions to control the spread of the virus. *Id.* at 16–17. In particular, Moreno alleges that he is housed in "[t]he Big Springs camp" rather than Big Spring FCI, yet the warden requires inmates from the camp to work at Big Spring FCI where COVID-19 is more prevalent. *Id.* at 9. In addition, Moreno states that he is confined in an over-crowded environment with a lack of appropriate personal protective equipment. *Id.* at 9–10.

To the extent Moreno raises generalized concerns about the COVID-19 pandemic, these are not extraordinary and compelling circumstances warranting his release. Although the Court acknowledges that the COVID-19 pandemic is unprecedented, its effect on the nation does not demonstrate extraordinary circumstances specific to Moreno. *See United States v. Delgado*, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020) (noting that "the Court must consider every prisoner individually and should be cautious about making blanket pronouncement"). Nor do Moreno's concerns about the prison's handling of the pandemic constitute circumstances specific to Moreno.[5]

With respect to Moreno's personal circumstances, the Court does not find that his medical conditions rise to the level of extraordinary and compelling. First, Moreno provides no medical records to substantiate any of the conditions he alleges. Rather, Moreno provides: (1) a medical record indicating that Moreno suffered from shortness of breath and wheezing in June 2017, Doc. 120, Def.'s Mot., 27; (2) a medical record indicating that Moreno suffered from pain in his foot in August 2019, *id.* at 29; and (3) various appointment reminders, *id.* at 31–34. These medical records

---

[5] Insofar as Moreno seeks redress of his conditions of confinement, his compassionate-release motion is not the appropriate vehicle to do so. If Moreno wishes to challenge his conditions of confinement, he may bring a civil suit alleging unconstitutional conditions.

do not prove that Moreno suffers from heart disease, lung disease, a weak immune system, hypertension, high cholesterol, or COPD, as he alleges. Absent proof of these conditions, the Court declines to find that they are extraordinary and compelling circumstances warranting Moreno's release.[6]

Thus, aside from the exhaustion issue, Moreno's motion fails because he has not shown "extraordinary and compelling reasons" for his requested relief. *See* § 3582(c)(1)(A).

C.  *The Court Lacks Authority to Order Home Confinement.*

Moreno also asks this Court to release him on home confinement. *See* Doc. 120, Def.'s Mot, 11. But even if the Court were inclined to grant Moreno's motion, the Court lacks authority to place Moreno on home confinement. Requests for home confinement "are properly directed to the [BOP]." *United States v. Sneed*, 63 F.3d 381, 388 n.6 (5th Cir. 1995) (citing 18 U.S.C. § 3624(c)). Indeed, "neither the CARES Act nor the First Step Act authorizes the court to release an inmate to home confinement." *United States v. Miller*, 2020 WL 2514887, at *1 (N.D. Tex. May 15, 2020) (citations omitted). Thus, the Court cannot consider transfer of Moreno to home confinement.

## IV.

## CONCLUSION

Moreno's request for compassionate release under § 3582(c)(1)(A) fails because he has not proved exhaustion of his administrative remedies. Moreover, Moreno's present motion does not demonstrate extraordinary and compelling reasons for compassionate release. For both of these reasons, the Court **DENIES** Moreno's motion (Doc. 120) **WITHOUT PREJUDICE**.

---

[6] In any event, Moreno makes no allegation that his facility is not equipped to manage his medical conditions.

By denying Moreno's motion without prejudice, the Court permits Moreno to file a subsequent motion for compassionate release in the event he can both: (1) satisfy the exhaustion requirement, and (2) provide information supporting a finding of extraordinary and compelling reasons for release, such as documentation demonstrating his medical conditions.

Finally, the Court notes that before granting compassionate release under § 3582(c)(1)(A), it must also consider the factors of § 3553. § 3582(c)(1)(A). Because the Court holds that Moreno has not exhausted his administrative remedies or shown extraordinary reasons warranting release, the Court need not conduct that analysis today.

**SO ORDERED.**

**SIGNED: February 4, 2021.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE